# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN BROWN,

                Petitioner,

     v.                               Case No. 11-C-0010
                                          (Criminal Case No. 08-CR-89

UNITED STATES OF AMERICA,

                Respondent.

## RULE 4 ORDER

Petitioner Justin Brown moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. I sentenced petitioner to 70 months in prison on his guilty plea to conspiracy to distribute 50 grams or more of crack cocaine. In his § 2255 motion, petitioner argues that his sentence should be reduced in accordance with the Fair Sentencing Act ("FSA") of 2010.[1] Because it is plain that petitioner is not entitled to relief, I deny the motion and dismiss this action pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner seeks to have his sentence corrected pursuant to the FSA, which narrowed the disparity between the treatment of crack and powder cocaine. Petitioner argues that

---

[1]On January 10, 2011, defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the FSA, which I address in a separate order.

because his sentence has not become final he is authorized to move the court to re-open the sentence under § 2255. However, the FSA does not apply retroactively to prisoners, like petitioner, sentenced before its enactment,[2] United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010). Petitioner otherwise points to no legal flaw in his original sentence. Therefore, his claim for § 2255 relief fails. See, e.g., Hamilton v. United States, No. 10-cv-4028, 2010 WL 5125893, at *2 (C.D. Ill. Dec. 9, 2010).

**THEREFORE, IT IS ORDERED** that defendant's motion is **DENIED**, and this action is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner has not made such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2]Because petitioner took no appeal, his sentence became final for purposes of § 2255 fourteen days after entry of judgment. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).